UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRY BONDURANT | CIVIL ACTION |
| VERSUS | No.: 19-10693 |
| 3M COMPANY, ET AL. | SECTION: "J"(5) |

**ORDER & REASONS**

Before the Court is a *Motion to Remand* **(Rec. Doc. 18)** filed by Terry BonDurant ("Plaintiff") and oppositions thereto filed by Defendants General Electric Company ("GE") (Rec. Doc. 26) and CBS Corporation ("Westinghouse") (collectively, the "Defendants") (Rec. Doc. 27). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

**FACTS AND PROCEDURAL BACKGROUND**

This litigation derives from personal injuries allegedly sustained as a result of exposure to asbestos. Plaintiff alleges that he contracted mesothelioma as a result of being exposed to asbestos in connection with his work as an electrician at various refineries and chemical plants between 1964 and 1979.[1] Plaintiff also worked as a welder aboard the *U.S.S. Ticonderoga* while serving in the U.S. Navy from 1965 to 1969.[2]

---

[1] (Rec. Doc. 1-4, at 4).
[2] (Rec. Doc. 18-3, at 4-6).

Plaintiff filed the instant suit against numerous defendants in state court, alleging that each of the named defendants "designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, used, supplied and/or sold asbestos-containing products and equipment" to which Plaintiff was exposed.[3] Plaintiff brings Louisiana state law claims for negligence, strict liability, premises liability, and products liability.[4] Specifically as to GE and Westinghouse, Plaintiff brings failure to warn and design defect claims.[5] However, Plaintiff "specifically disclaims any cause of action" for any injuries caused by exposure on a federal enclave and by any act or omission of, or committed at the direction of, a federal officer.[6]

GE removed the action to this Court, asserting jurisdiction under 28 U.S.C. § 1442, the federal officer removal statute. GE contends that the Court has federal officer jurisdiction over the dispute because GE provided the Navy with the turbines used on the *U.S.S. Ticonderoga* and Plaintiff testified in his deposition that he "was exposed to asbestos-containing insulation associated with these turbines."[7] Westinghouse joined in GE's Notice of Removal and asserted it had independent grounds supporting federal officer removal, namely that it also provided the Navy with turbines for use aboard the *U.S.S. Ticonderoga*.[8] The Defendants invoke the

---

[3] (Rec. Doc. 1-4, at 4-5).
[4] *Id.* at 5-12.
[5] *Id.* at 5-9.
[6] *Id.* at 4.
[7] (Rec. Doc. 1, at 3).
[8] (Rec. Doc. 4, at 3).

government contractor defense as the basis for removal.[9] Plaintiff then filed the instant motion to remand.

## PARTIES' ARGUMENTS

Plaintiff contends that remand is appropriate because his original petition "disclaims any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any conduct, action, acts or omissions of any and all federal officers, or committed at the direction of an officer of the United States Government," and therefore the federal officer defense is immaterial and not relevant to his claims against GE.[10] Plaintiff further contends that GE has not established that it acted pursuant to a federal officer's direction or that a causal nexus exists between GE's Navy contract and his claims. Specifically, Plaintiff argues that GE has not shown either that the Navy prohibited warnings about asbestos or that GE attempted to provide warnings about asbestos, including by submitting proposed warnings to the Navy for inclusion in manuals, such that the decision not to warn was the Navy's and not GE's.[11]

The Defendants assert that Plaintiff's disclaimer is ineffective because the well-pleaded complaint rule does not apply to the federal officer removal statute.[12] GE additionally asserts that general jurisdictional waivers, which it contends Plaintiff's is, are not effective to preclude federal officer removal but concedes that

---

[9] (Rec. Doc. 1, at 11; Rec Doc. 4, at 7).
[10] (Rec. Doc. 18-1, at 6).
[11] *Id.* at 9-10.
[12] (Rec. Doc. 26, at 5-6; Rec. Doc. 27, at 8).

3

specific claim disclaimers are.[13] Westinghouse maintains Plaintiff's claim for injury from asbestos exposure is "indivisible" and therefore his disclaimer is ineffective given that he admitted to being exposed to asbestos associated with Navy turbines.[14] Defendants further contend that Plaintiff fails to address the applicability of the federal officer removal statute to his design defect claims against them, which they assert satisfy all of the requirements for federal officer removal.[15]

## **DISCUSSION**

"[F]ederal officer removal under 28 U.S.C. § 1442 is unlike other removal doctrines: it is not narrow or limited." *Texas v. Kleinert*, 855 F.3d 305, 311 (5th Cir. 2017). Although the principle of limited federal court jurisdiction ordinarily compels federal courts to resolve any doubt about removal in favor of remand, courts should analyze removal under § 1442(a)(1) "without a thumb on the remand side of the scale." *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 462 (5th Cir. 2016). Nevertheless, it remains "the defendant's burden to establish the existence of federal jurisdiction over the controversy." *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998).

Section 1442 permits, in pertinent part, "any person acting under [an officer] of the United States or of any agency thereof" to remove a state suit to federal court if any of the plaintiff's claims are "for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). To qualify for removal under § 1442(a)(1), a defendant must

---

[13] (Rec. Doc. 26, at 6-8).
[14] (Rec. Doc. 27, at 9).
[15] (Rec. Doc. 26, at 9-11; Rec. Doc. 27, at 11-18).

4

show: "(1) that it is a person within the meaning of the statute, (2) that it has a colorable federal defense, (3) that it acted pursuant to a federal officer's directions, and (4) that a causal nexus exists between its actions under color of federal office and the plaintiff's claims." *Legendre v. Huntington Ingalls, Inc.*, 885 F.3d 398, 400 (5th Cir. 2018) (internal quotation marks, brackets, and citations omitted). A defense is "colorable" so long as it is not "immaterial and made solely for the purpose of obtaining jurisdiction" or "wholly insubstantial and frivolous." *Zeringue v. Crane Co.*, 846 F.3d 785, 790 (5th Cir. 2017).

Even where the defendant can show that it acted pursuant to a federal officer's directions, removal will not be proper unless the defendant can also establish the requisite causal nexus between the defendant's actions under color of federal office and the plaintiff's claims. *See Bartel v. Alcoa S.S. Co.*, 805 F.3d 169, 172-73 (5th Cir. 2015); *see also Zeringue*, 846 F.3d at 794 (noting that the causal nexus requirement functions to ensure a legitimate federal interest in a matter by limiting the universe of potentially removable claims to those where the specific acts or omissions upon which the plaintiff's claims are based were themselves performed under federal direction). In other words, the defendant must show that the federal government was directing the defendant's conduct and that the federally-directed conduct caused the plaintiff's injuries. *See Savoie*, 817 F.3d at 462 (citing *Bartel*, 805 F.3d at 172-74).

Thus, in cases involving asbestos exposure, where defendants were "free to adopt the safety measures the plaintiffs now allege would have prevented their injuries," remand is warranted, but where the plaintiff's claims "rested on the mere

5

use of asbestos" at the direction of the federal government, removal is appropriate. *Legendre*, 885 F.3d at 401 (internal quotation marks, brackets, and citations omitted).

In *Najolia v. Northrop Grumman Ship Sys., Inc.*, 883 F. Supp. 2d 646 (E.D. La. 2012), this Court found that remand was not warranted under facts similar to those presented here. Plaintiff was a machinist in the Navy from 1964 to 1968 and brought claims against numerous defendants, including GE and Westinghouse, for both failure to warn and design defect. *Id.* at 648-649. This Court found that GE and Westinghouse had a colorable federal defense—specifically, the government contractor defense set forth in *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988)—with respect to both claims because they "were required to comply with military specifications" in designing the turbines, and "the government's involvement in the decision of whether or not to give a warning [was sufficient to] state a government contractor defense." *Id.* at 657-58 (citing *In re Air Disaster at Ramstein Air Base, Germany, on 8/29/90*, 81 F.3d 570, 576 (5th Cir. 1996)).

With respect to the federal-direction element, while this Court found that GE and Westinghouse had established this element with respect to the design defect claim, it noted that "removal solely based on a failure-to-warn claim may be improper . . . where the contractor who built asbestos-containing equipment for the Navy does not submit evidence that the Navy required specific warnings . . . or that the Navy prohibited the contractor from . . . giv[ing] certain warnings." *Id.* at 656. Nevertheless, this Court found removal was appropriate because a causal nexus existed for the design defect claim. *Id.* at 659; *see Savoie*, 817 F.3d at 463 ("[R]emoval

6

of the entire case is appropriate so long as a single claim satisfies the federal officer removal statute.").

The fact that distinguishes this case from *Najolia* is that Plaintiff here has attempted to exclude from his petition any claims to which the government contractor defense would apply. Thus, the Court must determine the effect of the disclaimer.

As an initial matter, the Defendants' argument that the well-pleaded complaint rule does not apply to federal officer removal is inapposite. Federal officer removal "serves to overcome" the well-pleaded complaint rule to the extent that, under that rule, "'[a] defense that raises a federal question is inadequate to confer federal jurisdiction.'" *Mesa v. California*, 489 U.S. 121, 136-37 (1989) (alteration in original) (quoting *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). There is no dispute here that § 1442 allows for removal based on the assertion of a federal defense.

In *Dempster v. Lamorak Ins. Co.*, No. 18-6158, 2019 WL 117657, at \*1 (E.D. La. Jan. 7, 2019), the plaintiff brought strict liability and negligence claims against various defendants; however, with respect to Avondale, plaintiff stated in his petition that he was "not alleging that Avondale and its executive officers are liable for the mere use of asbestos; rather, Avondale and its executive officers are liable for the misuse of asbestos, including but not limited to the failure to warn." The plaintiff also disputed that he was exposed to asbestos aboard a government vessel. *Id.* at \*13. In finding that the defendants had not established the causal nexus element, the court noted that the "Defendants present[ed] no evidence that Plaintiff came into

7

contact with asbestos aboard a government vessel." *Id.* The instant case is thus distinguishable because the Defendants have offered evidence that Plaintiff was exposed to asbestos aboard a government vessel,[16] and Plaintiff brings strict liability claims against the Defendants.

In *Uzee v. Huntington Ingalls, Inc.*, No. 18-6856, 2018 WL 4579827, at *4 (E.D. La. Sept. 25, 2018), the plaintiffs also expressly disclaimed any strict liability claims against Avondale. In granting plaintiffs' motion to remand, the court distinguished that case from cases where "a boilerplate disclaimer of all causes of action arising from the defendant's conduct caused by any act or omission committed at the direction of an officer of the U.S. government [was] insufficient to justify remand." *Id.* (citing *Boyd v. Boeing Co.*, No. 15-0025, 2015 WL 4371928, at *6 (E.D. La. July 14, 2015)). The court stated that "it is not *that* disclaimer, but Plaintiffs' *separate* disclaimer of all strict liability claims that is relevant here." *Id.*; *see also Legendre v. Anco Insulations, Inc.*, No. 12-94-JJB-SCR, 2012 WL 2064537, at *4 (M.D. La. May 14, 2012), *report and recommendation adopted*, 2012 WL 2064533 (M.D. La. June 7, 2012) (holding that the alleged disclaimer was "insufficient to defeat removal" where plaintiffs did not seek to dismiss strict liability claims before removal); *cf. Sheppard v. Northrop Grumman Sys. Corp.*, No. 07-2208, 2007 WL 1550992, at *7 (E.D. La. May 24, 2007) (finding remand appropriate where "Plaintiff has amended his petition to omit any strict liability claim").

---

[16] (Rec. Doc. 1-5, at 3-4, 7-11).

Here, Plaintiff brings strict liability claims against the Defendants and has included only a "boilerplate" disclaimer in his petition. *Uzee*, 2018 WL 4579827, at *4. The Court finds this is insufficient to justify remand. *See Boyd*, 2015 WL 4371928, at *5-6.

The Court further finds that the Defendants have met the requirements for federal officer removal. Plaintiff concedes that GE is a "person" within the meaning of the statute,[17] and Westinghouse undoubtedly is as well. *See Winters*, 149 F.3d at 398 ("[C]orporate entities qualify as 'persons' under § 1442(a)(1)." (citation omitted)).

The Defendants have a colorable federal defense under *Boyle*. To assert government contractor immunity, a defendant must show: "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Boyle*, 487 U.S. at 512. Defendants have offered evidence that the Navy required them to comply with military specifications as to the design of turbines for use on the *Ticonderoga*, that conformance with those specifications was enforced by Navy officers, and that they had no ability to deviate from those specifications without Navy approval, thus satisfying the first two prongs.[18] *See Zeringue*, 846 F.3d at 791; *see also Najolia*, 883 F. Supp. 2d at 658 ("[I]t is too early to engage in an evidentiary challenge to whether the turbines conformed precisely to the Navy's

---

[17] (Rec. Doc. 18-1, at 7).
[18] (Rec. Doc. 1-6, at 2-6; Rec. Doc. 1-7, at 2; Rec. Doc. 1-8, at 2; Rec. Doc. 4-3, at 7-8; Rec. Doc. 4-4, at 2-3; Rec. Doc. 4-5, at 2-3).

9

specifications."). Defendants have also submitted evidence that the government possessed superior information regarding the health hazards associated with the use of asbestos than the Defendants at the relevant times, thus obviating any duty to warn.[19] *See Zeringue*, 846 F.3d at 791-92. This Court has previously found Dr. Betts's affidavit testimony sufficient to meet the third prong of the *Boyle* test for purposes of federal officer removal. *See Najolia*, 883 F. Supp. 2d at 658. Plaintiff's contention that GE has not established that it knew less than the Navy about the hazards of asbestos is unavailing, as the Court will not require a Defendant "to 'win his case before he can have it removed.'" *Zeringue*, 846 F.3d at 790 (citation omitted); *see also id.* at 792 ("[D]efinitive proof is not necessary for removal, and the military specifications and affidavits do suffice as a not-insubstantial and non-frivolous basis upon which [the defendant] may assert government-contractor immunity.").

This evidence also establishes that the Defendants were acting pursuant to a federal officer's directions and that a causal nexus exists between their actions under color of federal office and Plaintiff's strict liability claims.[20] Defendants' "provision of parts in an effort to assist the Navy's construction of vessels satisfies the 'acting under' requirement." *Id.* Further, Defendants' "relationship with [Plaintiff] derives . . . from [their] official authority to provide parts to the Navy, and that official authority *relates to* [their] allegedly improper actions," namely the provision of turbines that required the use of asbestos. *Id.* at 793-94. The fact that Plaintiff may

---

[19] (Rec. Doc. 1-12, at 29-30).
[20] Because the Court concludes that the strict liability claims support federal officer removal, the Court need not decide whether the failure to warn claims also support removal. *See Savoie*, 817 F.3d at 463.

also have been exposed to asbestos associated with GE and Westinghouse equipment outside of his time in the Navy does not render removal improper. *See Savoie*, 817 F.3d at 463.

Because Defendants have demonstrated (1) that they have a colorable federal defense, (2) that they acted under the direction of a federal officer, and (3) that there is a causal nexus between Plaintiff's claims and acts Defendants performed under color of federal office, removal was proper under § 1442(a)(1). Accordingly, and for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 18)** is **DENIED**.

New Orleans, Louisiana this 17th day of July, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE