UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| TERRY BONDURANT | CIVIL ACTION |
|---|---|
| VERSUS | No.: 19-10693 |
| 3M COMPANY, ET AL. | SECTION: "J"(5) |

## ORDER & REASONS

Before the Court is a *Motion to Dismiss for Lack of Personal Jurisdiction* **(Rec. Doc. 42)** filed by Defendant Eastman Kodak Company ("Kodak"), an opposition thereto filed by Plaintiff (Rec. Doc. 50), a reply memorandum by Kodak (Rec. Doc. 56), and a sur-reply from Plaintiff (Rec. Doc. 59). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises from personal injuries allegedly sustained as a result of exposure to asbestos. Plaintiff alleges that he contracted mesothelioma as a result of being exposed to asbestos in connection with his work as an electrician at various refineries and chemical plants in Louisiana and Texas between 1964 and 1979.[1] During this time, Plaintiff worked for Kodak as a contractor at the Eastman Kodak Chemical facility in Longview, Texas.[2]

---

[1] (Rec. Doc. 1-4, at 4).
[2] (Rec. Doc. 42-4, at 2; Rec. Doc. 50-1, at 2-3).

Kodak is incorporated in New Jersey and has its principal place of business in New York.[3] Kodak also operates facilities in Louisiana, although Plaintiff does not allege that he ever worked at any of those facilities.

Plaintiff initially filed suit in Orleans Parish Civil District Court.[4] Kodak filed exceptions, asserting, inter alia, lack of personal jurisdiction.[5] The action was then removed to this Court.[6] Kodak now moves to dismiss all claims against it for lack of personal jurisdiction. It asserts the Court lacks general jurisdiction over it because neither its place of incorporation nor principal place of business are in Louisiana, and further contends the Court lacks specific jurisdiction over it because the harms Plaintiff alleges were caused by Kodak—his exposure to asbestos at a Kodak facility—occurred in Texas, not Louisiana.

Plaintiff first contends that Kodak's business activities in Louisiana over the last 54 years are sufficient to establish general jurisdiction. Next, Plaintiff asserts that Kodak's registration to do business and appointment of an agent for service of process in Louisiana establish its consent to jurisdiction under Louisiana law. Plaintiff maintains that this Court may exercise specific jurisdiction over Kodak because its negligent failure to warn Plaintiff that continued exposure to asbestos would increase the risk of harm "occurred at least partially in Louisiana."[7] Plaintiff further argues that Kodak has not carried its burden of showing that the Court's

---

[3] (Rec. Doc. 50-2).
[4] (Rec. Doc. 1-4).
[5] (Rec. Doc. 15-1, at 266).
[6] (Rec. Doc. 1).
[7] (Rec. Doc. 50, at 18).

2

exercise of jurisdiction over it would be unreasonable, and that exercising jurisdiction in this case serves the interests of judicial economy because otherwise Plaintiff would have to file a separate action in Texas for his alleged exposures that occurred there. Finally, in the alternative, Plaintiff requests that the Court allow jurisdictional discovery before dismissing Kodak from this case.

## **LEGAL STANDARD**

Rule 12(b)(2) of the Federal Rules of Civil Procedure permits dismissal of a suit for lack of personal jurisdiction. "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." *Luv N'Care, Ltd. v. Insta-Mix, Inc.,* 438 F.3d 465, 469 (5th Cir. 2006). However, the plaintiff is not required to establish jurisdiction by a preponderance of the evidence; a prima facie showing is sufficient. *Id*. The court must accept the plaintiff's uncontroverted allegations and resolve all conflicts between the facts contained in the parties' affidavits and other documentation in favor of jurisdiction. *Id*.

A federal court sitting in diversity must satisfy two requirements to exercise personal jurisdiction over a nonresident defendant. *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012). "First, the forum state's long-arm statute must confer personal jurisdiction. Second, the exercise of jurisdiction must not exceed the boundaries of the Due Process Clause of the Fourteenth Amendment." *Id*. The limits of the Louisiana long-arm statute are coextensive with constitutional due process limits. *Jackson v. Tanfoglio Giuseppe,*

3

*SRL*, 615 F.3d 579, 584 (5th Cir. 2010). Accordingly, the inquiry here is whether jurisdiction comports with federal constitutional guarantees. *See id.*

The Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume personal jurisdiction of a non-resident defendant unless the defendant has certain "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). The Supreme Court has recognized two types of personal jurisdiction: specific and general. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779-80 (2017).

Specific jurisdiction is limited to "adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks and citation omitted). To establish specific jurisdiction, a plaintiff must show that "(1) there are sufficient (i.e., not random fortuitous or attenuated) pre-litigation connections between the non-resident defendant and the forum; (2) the connection has been purposefully established by the defendant; and (3) the plaintiff's cause of action arises out of or is related to the defendant's forum contacts." *Pervasive Software*, 688 F.3d at 221 (internal quotation marks and citation omitted). The defendant can then defeat the exercise of specific jurisdiction by showing that it would be unreasonable. *Id.* at 221-22.

4

General jurisdiction, however, does not require a showing of contacts out of which the cause of action arose. *See Goodyear*, 564 U.S. at 919. Where general jurisdiction exists, a court may "hear any and all claims against [the defendant]." *Id*. The proper consideration when determining whether general jurisdiction exists is "not whether a foreign corporation's in-forum contacts can be said to be in some sense continuous and systematic, it is whether that corporation's affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 138 (2014) (alteration in original) (internal quotation marks and citation omitted). General jurisdiction over a corporation will typically be found in its place of incorporation and principal place of business. *See id.* at 137.

## DISCUSSION

### I. GENERAL JURISDICTION

Plaintiff asserts, without citation to authority, that the following facts establish the Court's general jurisdiction over Kodak: (1) Kodak's admission to do business in Louisiana since 1965; (2) its maintaining of a business address and registered agent in Louisiana since 1965; (3) its ownership of property in Louisiana, including immovable property; (4) its maintaining an office, telephone listing, post office box, mailing address, or bank account in Louisiana; (5) its employing residents of Louisiana and having agents based or residing in Louisiana; (6) it entering into contracts requiring performance in Louisiana or the application of Louisiana law; (7) it derived revenue from activity in Louisiana; (8) it engaged in advertising directed

to or otherwise calculated to reach Louisiana; and (9) it has been involved in litigation, including similar asbestos-related litigation, based on business activities that are the same or similar to its business activities in Texas.

Taking these facts as true, they are not enough to establish that Kodak is "essentially at home" in Louisiana. *Id.* at 138. Notably, Kodak's place of incorporation is New Jersey and its principal place of business is New York.[8] *See id.* at 137. While the Supreme Court has expressly stated that general jurisdiction for corporations is not necessarily limited to these two places, this is hardly an "exceptional" case where Kodak's "operations in a forum other than its formal place of incorporation or principal place of business [are] so substantial and of such a nature as to render [Kodak] at home in" Louisiana. *Id.* at 139 n.19 (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952)).

## II. JURISDICTION BY CONSENT

Plaintiff's argument that Kodak consented to jurisdiction by registering to do business and appointing an agent for service of process in Louisiana is also unavailing. "[A]bsent state law explicitly requiring consent [to jurisdiction], the court [will] not consider 'appointment of an agent for process' to be 'a waiver of the right to due process protection." *Gulf Coast Bank & Trust Co. v. Designed Conveyor Systems, L.L.C.*, 717 F. App'x 394, 398 (5th Cir. 2017) (quoting *Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 183 (5th Cir. 1992)) (internal brackets omitted). Plaintiff "does not identify any statute or agreement that requires foreign entities to

---

[8] (Rec. Doc. 50-2).

6

expressly consent to any suit in Louisiana." *Id.* at 397. Therefore, without "a clear statement from the state court construing the [state] statute [for service of process] to require consent" to personal jurisdiction, Plaintiff cannot establish jurisdiction by consent. *Id.*

Plaintiff's reliance on decisions predating *International Shoe* is misguided at best. *See Shaffer v. Heitner*, 433 U.S. 186, 212 & n.39 (1977). Plaintiff's insistence that *Stephenson v. List Laundry & Dry Cleaners*, 162 So. 19 (La. 1935), provides jurisdiction over Kodak is wholly unpersuasive. *Stephenson* did not identify a provision of Louisiana law that requires a corporation to consent to personal jurisdiction in order to register to do business within the state and to appoint an agent for service of process in the state. *See Gulf Coast Bank & Trust*, 717 F. App'x at 397. *Stephenson* concerned Act 55 of 1930, which was repealed by the legislature in 1948. *See Grubbs v. Gulf Int'l Marine, Inc.*, 625 So. 2d 495, 501 & n.18 (La. 1993). Moreover, *Stephenson* was decided under the "strict territorial approach" that predated *International Shoe* and no longer comports with modern conceptions of due process. *Daimler AG*, 571 U.S. at 126 ("Following *International Shoe*, 'the relationship among the defendant, the forum, and the litigation, rather than the mutually exclusive sovereignty of the States on which the rules of *Pennoyer* rest, became the central concern of the inquiry into personal jurisdiction.'" (citation omitted)).

Further, the Fifth Circuit has held that the language Plaintiff quotes from *Phillips Petroleum Co. v. OKC Ltd. Partnership*, 634 So. 2d 1186 (La. 1994), was "completely incidental" to the Louisiana Supreme Court's holding and insufficient to

7

establish jurisdiction by consent. *Gulf Coast Bank & Trust*, 717 F. App'x at 398. Because Plaintiff has not shown that Louisiana law explicitly requires consent to jurisdiction in order to register an agent for service of process, he fails to establish jurisdiction by consent. *See id.*

### III. SPECIFIC JURISDICTION

Plaintiff fails to sufficiently allege facts supporting specific jurisdiction. Crucially, he fails to allege a connection between his injuries, Kodak, *and* Louisiana. *See Shaffer*, 433 U.S. at 204 (stating that "the relationship among the defendant, the forum, and the litigation" is "the central concern of the inquiry into personal jurisdiction"). Plaintiff's cause of action arises out of his exposure to asbestos while working at a Kodak facility in Texas. To the extent Kodak had "an ongoing duty to warn Mr. BonDurant about the harmful and cumulative effect from additional exposure to asbestos"[9]—an assertion Plaintiff makes without citation to authority—this duty cannot sustain personal jurisdiction. *See Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("[T]he plaintiff cannot be the only link between the defendant and the forum."). Plaintiff's unilateral activity in travelling to Louisiana for work—but never for Kodak—is insufficient to vest this Court with jurisdiction over Kodak. *See id.* at 284.

Because Plaintiff has failed to establish that his cause of action arises out of Kodak's Louisiana contacts, the Court need not consider the reasonableness of asserting jurisdiction over Kodak. *See Pervasive Software*, 688 F.3d at 221-22.

---

[9] (Rec. Doc. 50, at 18).

## IV. JURISDICTIONAL DISCOVERY

Finally, jurisdictional discovery is not required, as Plaintiff has failed to make a preliminary showing of jurisdiction. *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). "A district court is *not* required to defer ruling on a jurisdictional motion until all discovery contemplated by the plaintiff has been accomplished; instead, an *opportunity* for discovery is required." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000). Plaintiff has had an opportunity for discovery: he propounded discovery requests on Kodak on May 23, 2019, and received responses on June 6, 2019. Plaintiff now complains that these responses were "woefully inadequate";[10] however, he did not attempt to address these purported deficiencies until August 2, 2019, after Kodak filed the instant motion. Having had an opportunity for discovery, the Court will not now entertain this last-minute request in an attempt to prevent Kodak's dismissal. *See id.*

Moreover, Plaintiff fails to allege with reasonable particularity the facts that additional discovery is likely to uncover that would support the exercise of personal jurisdiction over Kodak. Rather, Plaintiff's allegations about what discovery would reveal are entirely speculative, and he fails to indicate any facts that suggest his allegations are likely to be true. *See Fielding*, 415 F.3d at 429.

---

[10] (Rec. Doc. 50, at 22).

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Eastman Kodak Company's *Motion to Dismiss for Lack of Personal Jurisdiction* **(Rec. Doc. 42)** is **GRANTED**, and Plaintiff's claims against Eastman Kodak Company are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 15th of August, 2019.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE