UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRY BONDURANT | CIVIL ACTION |
| VERSUS | No.: 19-10693 |
| 3M COMPANY, ET AL. | SECTION: "J"(5) |

## ORDER & REASONS

Before the Court is a *Motion to Dismiss for Lack of Personal Jurisdiction* **(Rec. Doc. 61)** filed by Defendant Gould Electronics Inc. ("Gould") and an opposition thereto (Rec. Doc. 65) filed by Plaintiff. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED.**

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises from personal injuries allegedly sustained because of exposure to asbestos. Plaintiff Terry L. BonDurant alleges that he contracted mesothelioma as a result of being exposed to asbestos in connection with his work as an electrician at various refineries and chemical plants in Louisiana, Texas and Florida between 1964 and 1979. Plaintiff brings claims for general negligence, negligence and strict liability against Gould as a seller, supplier, distributor or manufacturer of equipment; however, Plaintiff did not indicate in his deposition

1

testimony a specific place, date, or time that he was exposed to asbestos while working with or around Gould's products.[1]

Gould's precursor entities sold and manufactured electrical products throughout the United States.[2] Gould's place of incorporation and principal place of business are in Arizona.[3]

Plaintiff initially filed suit in Orleans Parish Civil District Court on March 1, 2019. The case was removed to this Court on May 24, 2019. Plaintiff served Gould on July 29, 2019,[4] and Defendant filed the instant motion on August 15, 2019.[5]

Gould asserts the Court lacks general jurisdiction over it because neither its principal place of business nor place of incorporation are in Louisiana. Further, Gould contends that the Court lacks specific jurisdiction over it because Plaintiff's alleged exposure to Gould's products only occurred in Texas. Additionally, Gould moves to dismiss all claims against it for insufficient service of process, asserting that Plaintiff cannot establish good cause for his failure to serve Gould until almost five months after he filed his original petition.

Plaintiff argues that the Court has personal jurisdiction over Gould because it sold, distributed, and marketed its products in Louisiana and he was exposed to asbestos from Defendant's products while working in Louisiana. Further, Plaintiff claims that he complied with requisite time periods for service before and after

---

[1] (Rec. Doc. 65-3, at 4-5).
[2] (Rec. Doc. 61, at 2).
[3] *Id.*
[4] (Rec. Doc. 64).
[5] (Rec. Doc. 61).

2

removal. In the alternative, Plaintiff requests an opportunity for jurisdictional discovery before Gould is dismissed from the case.

## **LEGAL STANDARD**

Rule 12(b)(2) of the Federal Rules of Civil Procedure permits dismissal of a suit for lack of personal jurisdiction. "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). However, the plaintiff is not required to establish jurisdiction by a preponderance of the evidence; a prima facie showing is sufficient. *Id.* The court must accept the plaintiff's uncontroverted allegations and resolve all conflicts between the facts contained in the parties' affidavits and other documentation in favor of jurisdiction. *Id.*

A federal court sitting in diversity must satisfy two requirements to exercise personal jurisdiction over a nonresident defendant. *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012). "First, the forum state's long-arm statute must confer personal jurisdiction. Second, the exercise of jurisdiction must not exceed the boundaries of the Due Process Clause of the Fourteenth Amendment." *Id.* The limits of the Louisiana long-arm statute are coextensive with constitutional due process limits. *Jackson v. Tanfoglio Giuseppe, SRL*, 615 F.3d 579, 584 (5th Cir. 2010). Accordingly, the inquiry here is whether the jurisdiction comports with federal constitutional guarantees. *See id.*

The Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume personal jurisdiction of a non-resident defendant unless the defendant has certain "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). The Supreme Court has recognized two types of personal jurisdiction: specific and general. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1173, 1779-80 (2017).

Specific jurisdiction is limited to "adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks and citation omitted). To establish specific jurisdiction, a plaintiff must show that (1) there are sufficient pre-litigation contacts between the defendant and the forum that are not random, fortuitous, or attenuated, (2) the defendant purposefully established the contacts, and (3) "the plaintiff's cause of action arises out of or is related to the defendant's forum contacts." *Pervasive Software*, 688 F.3d at 221 (internal quotation marks and citation omitted). The defendant can then defeat the exercise of specific jurisdiction by showing that it would be unreasonable. *Id.* at 221-22.

## **DISCUSSION**

As Plaintiff does not argue that the Court has general jurisdiction over Gould, the Court will consider only whether specific jurisdiction exists. Plaintiff contends that it does because Gould "sold, distributed, and/or installed the aforementioned

4

asbestos-containing products in Louisiana or . . . placed the same into the stream of commerce for use in Louisiana" and he was exposed to asbestos while working with and around Gould products in Louisiana.[6]

Even assuming that Gould has sufficient minimum contacts with Louisiana, *see Luv N' care*, 438 F.3d at 470, Plaintiff has failed to establish that his cause of action arises out of Gould's contacts with Louisiana. Specifically, Plaintiff's allegations that he was exposed to asbestos while working around Gould products in Louisiana are undercut by his deposition testimony that he submitted in support of his opposition to the instant motion.

Plaintiff alleges that he worked in two facilities in Louisiana: (1) Cities Services refinery in Lake Charles, Louisiana; and (2) "a second site located on the same road as Cities Services, but [Plaintiff] could not recall the name of the facility."[7] During his deposition, Plaintiff was asked the names of the manufacturers of the electrical panels that he worked around at these facilities. In response to the question about Cities Services refinery, Plaintiff testified "GE, Westinghouse, Square D, Siemens."[8] In response to the question about the unknown facility in Lake Charles, he testified "Square D, GE, Westinghouse, Siemens."[9] However, in response to a question about the electrical panels he worked around at a different site, Plaintiff responded, "GE, Westinghouse, Square D, Cutler-Hammer, Goulds."[10] The deposition

---

[6] (Rec. Doc. 65, at 15).
[7] *Id.* at 4.
[8] (Rec. Doc. 65-2, at 15).
[9] *Id.* at 19.
[10] *Id.* at 3.

5

excerpt Plaintiff submitted does not indicate what facility he was describing with this answer.[11] In his petition, Plaintiff alleged he was exposed to asbestos while working at two facilities in Louisiana, including Cities Services refinery in Lake Charles, and two facilities in Texas.[12] Additionally, when specifically asked about working around Gould electrical panels, Plaintiff testified, "I have worked with them but I cannot give you a specific place, date or time."[13]

In light of the foregoing, the Court finds that Plaintiff has failed to make a prima facie showing of jurisdiction because he has not shown that his cause of action arises out of Gould's contacts with Louisiana. Rather, the evidence Plaintiff submitted supports Gould's contention that any exposure to asbestos he experienced from working with or around Gould products occurred in Texas, not Louisiana: Plaintiff alleges he worked at two facilities in Louisiana but did not testify that he worked around Gould products at those sites, yet he did testify that he worked around Gould products at a third, unidentified site. Because Plaintiff alleges that he was exposed to asbestos while working at two facilities in Louisiana and two facilities in Texas, it is reasonable to conclude that this third, unidentified site was in Texas, not Louisiana, as Plaintiff has failed to present any evidence to the contrary.

Finally, jurisdictional discovery is not required, as Plaintiff has failed to make a preliminary showing of jurisdiction. *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). "A district court is *not* required to defer ruling on a

---

[11] The question posed to Plaintiff was, "Do you know any of the brand names of the electrical panels at this particular job?" *Id.*
[12] (Rec. Doc. 1-4, at 4).
[13] (Rec. Doc. 65-3, at 5).

jurisdictional motion until all discovery contemplated by the plaintiff has been accomplished; instead, an *opportunity* for discovery is required." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000). Plaintiff has had an opportunity for discovery and fails to allege with reasonable particularity the facts that additional discovery is likely to uncover that would support the exercise of jurisdiction over Gould, as his allegations and testimony tend to exclude the possibility that he was exposed to asbestos from Gould products in Louisiana. *See Fielding*, 415 F.3d 429. Thus, the Court denies further jurisdictional discovery.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Defendant's *Motion to Dismiss for Lack of Personal Jurisdiction* **(Rec. Doc. 61)** is **GRANTED**, and Plaintiff's claims against Defendant Gould Electronics, Inc. are **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, this 7th day of October, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE